**Angel M. Orellana MOLINA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74357.

Agency No. A73–996–295.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Angel M. Orellana Molina, Wilmington, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Ethan B. Kanter, Attorney, Christopher C. Fuller, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Angel M. Orellana Molina, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation, and for relief under Article 3 of the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

█ Molina testified that between approximately 1987 and 1993, guerrillas beat him several times for refusing to join them, killed his grandfather for refusing to join them, and threatened to kill his father for his money and for refusing to join them. Molina provided no evidence that the guerrillas' actions were taken on account of an enumerated ground. Accordingly, Molina failed to establish eligibility for asylum. *See id.* at 483–84 (holding that forced recruitment without more is insufficient to establish persecution on account of one's political opinion).

█ Molina, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

■ Molina also failed to demonstrate that it is more likely than not that he would be tortured if he returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

■ We lack jurisdiction to consider Molina's contention that the IJ erred in requiring corroborative documents because Molina failed to raise it before the BIA. *See Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000).

John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.